UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIRIAM SPIRA
on behalf of herself and
all other similarly situated consumers

                Plaintiff,

-against-

NCSPLUS INCORPORATED

                Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Miriam Spira seeks redress for the illegal practices of NCSPLUS INCORPORATED concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in New York, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Miriam Spira*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 20, 2021 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter claims that the Plaintiff owes a debt to Scott W. Wolfe, MD PLLC.

12. The said December 20, 2021 does not contain any language concerning the plaintiff's right to dispute the debt within the initial thirty day period or any updated dispute information as per Consumer Financial Protection Board regulations which went into effect on or about November 30, 2021.

13. Plaintiff claims that she never received a prior letter from the defendant.

14. Said letter states in part: "Take notice that agency and creditor records show above claim still unsatisfied. We have written to you in the past. Because you have not disputed this claim, we now consider it to be valid."

15. The Plaintiff was not able to dispute the debt, overcome the presumption of validity and seek verification thereof.

16. Defendant violated 15 U.S.C. § 1692e, 1692e10) and 1692g by engaging in deceptive means and by failing to provide Plaintiff with his statutorily mandated rights.

17. On or about April 5, 2022 Defendant sent to the Plaintiff.

18. Said letter states in part: "Unless payment is received within ten days, our client has authorized us to report this delinquent account to one or more of national credit bureaus. This may adversely affect your ability to obtain credit, and may appear on your Experian (TRW), Trans Union and Equifax credit report.

19. Said statement is confusing and deceptive.

20. Upon information and belief, Defendant has a set system of reporting debts to the credit bureaus.

21. Upon information and belief, Defendant has a set system as to how many credit reporting agencies to which it reports on behalf of the creditor, Scott W. Wolfe MD PLLC.

22. The language can be interpreted that the debt will be reported to one, two or three of the credit reporting agencies.

23. The language is open to multiple interpretations, and more than one is false.

24. That factual scenario is in violation of 1692e(10).

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class and a sub-class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

the letter sent to the Plaintiff on or about December 20, 2021; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g for dunning for a debt which was not owed, for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using misleading means in connection with the collection a debt and for not having provided the Plaintiff with the notice to be able to dispute the purported debt and seek verification thereof.

37. A sub-class exists for those members who received the letter dated April 5, 2022.

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 3, 2022

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

*This Notice has been Sent to You by a Collection Agency*

# NCSPLUS INCORPORATED

**Regional Offices:**
117 E 24TH STREET 5TH FL
NEW YORK, NY 10010

CLAIM NO: 100958030
AMOUNT DUE:       $3,182.05

DECEMBER 20, 2021

SPIRA, MIRIAM
1363 40TH ST
BROOKLYN NY 11218

TAKE NOTICE THAT AGENCY AND CREDITOR RECORDS SHOW ABOVE CLAIM STILL UNSATISFIED. WE HAVE WRITTEN TO YOU IN THE PAST.

BECAUSE YOU HAVE NOT DISPUTED THIS CLAIM, WE NOW CONSIDER IT TO BE VALID. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

AVOID FURTHER ACTION; REMIT PAYMENT OR MAKE ARRANGE-MENTS AS SOON AS POSSIBLE WITH --

• *Detach Here and Keep This Portion For Your Records* •

------------------------------------------------------------

Under federal law, your name and the amount you owe may be reported due and unpaid to one or more National Credit Reporting Bureaus. You have the right to a disclosure of the nature and substance of all information in our files about you and the right to dispute the accuracy and completeness of any information we may report. Any information reported about you may remain in your Credit Bureau file for up to seven years.

• *For Proper Credit Return This Notice With Your Payment* •

\*\*\*\* MAIL ALL CORRESPONDENCE TO:
\*\* 117 EAST 24TH STREET, 5TH FL, NEW YORK, NY 10010 \*\*
CREDITOR REF:
   CLAIM NO:   100958030      AMT DUE:    $3,182.05

PAY BY MAIL:   SCOTT W. WOLFE MD PLLC
               MISSY WOLFE
               523 EAST 72ND STREET, 4TH FLOOR
               NEW YORK NY 10021

               (212) 606-1529

Claims Office: P.O. Box 1148
                Madison Square Station
                New York, NY 10159-1148

## NCSPlus Incorporated
NYC DCA LICENSE NO. 1279846

**Professional Collectors**

SPIRA, MIRIAM
1363 40TH ST
BROOKLYN NY 11218

APRIL 5, 2022

```
CLAIM NUMBER:   100958030
CLIENT REF:
AMOUNT DUE:     $3,182.05
```

THIS LETTER HAS BEEN SENT TO YOU BY A COLLECTION AGENCY. WE HAVE WRITTEN TO YOU IN THE PAST. YOUR CONTINUED FAILURE TO RESPOND TO OUR REPEATED DEMANDS FOR PAYMENT HAS LEFT US NO ALTERNATIVE BUT TO TAKE THE FOLLOWING ACTION:

UNLESS PAYMENT IS RECEIVED WITHIN TEN DAYS, OUR CLIENT HAS AUTHORIZED US TO REPORT THIS DELINQUENT ACCOUNT TO ONE OR MORE NATIONAL CREDIT BUREAUS. THIS MAY ADVERSELY AFFECT YOUR ABILITY TO OBTAIN CREDIT, AND MAY APPEAR ON YOUR EXPERIAN (TRW), TRANS UNION AND EQUIFAX CREDIT REPORT.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE ENCLOSE THIS DOCUMENT WITH YOUR PAYMENT FOR PROPER CREDIT AND MAIL TO:

(212) 606-1529

SCOTT W. WOLFE MD PLLC
MISSY WOLFE
523 EAST 72ND STREET, 4TH FLOOR
NEW YORK NY 10021